# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| PAZUNIAK LAW OFFICE, LLC and GEORGE PAZUNIAK, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. N14C-12-259 EMD |
| v. | ) ) |
| PI-NET INTERNATIONAL, INC. and LAKSHMI ARUNACHALAM, | ) ) ) |
| Defendants. | ) |

*Upon Consideration of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction, Improper Venue and Lack of Subject Matter Jurisdiction, or, in the Alternative to Transfer Venue to the United States District Court for the Northern District of California*
***DENIED***

Dr. Lakshmi Arunachalam, Menlo Park, California, *Defendant Pro Se*.

George Pazuniak, Esquire, Pazuniak Law Office LLC, Wilmington, Delaware, *Attorney for Plaintiffs Pazuniak Law Office, LLC and George Pazuniak*.

**DAVIS, J.**

## INTRODUCTION

This is a civil action that asserts both contractual and tortious causes of action. Plaintiffs Pazuniak Law Office, LLC and George Pazuniak (collectively, "Pazuniak Law") first filed this matter against Pi-Net International, Inc. ("Pi-Net") and Lakshmi Arunachalam in the Court of Common Pleas of the State of Delaware. Pazuniak Law subsequently moved to transfer this action to this Court under 10 Del. C. § 1902. The Court of Common Pleas entered an order transferring this action on December 19, 2014.

Pazuniak Law filed the First Amended and Supplemental Complaint (the "Complaint") on or about December 1, 2014. The Complaint asserts four causes of action against Dr. Arunachalam and Pi-Net: (i) Declaratory Judgment Against Pi-Net Regarding Distribution of

Trust Funds and Other Rights and Obligations ("Count I); (ii) Common Law Libel Against Pi-Net (Count II); (iii) Common Law Libel Against Dr. Arunachalam (Count III); and, (iv) Common Law Tortious Interference with Prospective Business Opportunities Against Dr. Arunachalam and Pi-Net, Jointly and Severally ("Count IV").  Pi-Net and Dr. Arunachalam have not filed answers to the Complaint.  By separate order, the Court has set August 31, 2016 as the date by which Pi-Net and Dr. Arunachalam must file answers to the Complaint.

Instead of filing answers, Dr. Arunachalam and/or Pi-Net have filed a series of motions. Many of the motions overlap and seek similar relief.  Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction, Improper Venue and Lack of Subject Matter Jurisdiction, or, in the Alternative to Transfer Venue to the United States District Court for the Northern District of California (the "Motion to Dismiss") filed by Dr. Arunachalam.  The Motion to Dismiss asks, among other things, that the Court transfer this action to the United States District Court for the Northern District of California (the "California District Court").  Pi-Net and Dr. Arunachalam also filed the Defendant's Motion for Transfer of Jurisdiction (the "Motion to Transfer").  The Motion to Transfer similarly sought to transfer this action to the California District Court.  This Court denied the Motion to Transfer on June 30, 2016 – *see* Order Denying Defendant's Motion for Transfer of Jurisdiction.  For the reasons set forth in the Order Denying Defendant's Motion for Transfer of Jurisdiction, the Court denies any request in the Motion to Dismiss to transfer this action to the California District Court.

The Motion to Dismiss seeks additional relief.  Dr. Arunachalam argues that this action should be dismissed because the Court lacks personal jurisdiction over Dr. Arunachalam and Pi-

2

Net.[1] Dr. Arunachalam also claims that venue is not proper because, under 28 *U.S.C.* § 1400(b), this action can only go forward in the "judicial district where the defendant resides, or where the defendant has committed acts of [patent] infringement and has a regular and established place of business." In addition, Dr. Arunachalam contends that the Court should dismiss the Complaint because Pazuniak Law has failed to properly plead a cause of action for common law libel. Finally, Dr. Arunachalam argues that the Court lacks subject matter jurisdiction as this case involves "a federal question related to patent claim construction and [Pazuniak Law's] legal malpractice and fraud in a patent case."

In opposition to the Motion to Dismiss, Pazuniak Law filed Plaintiffs' Omnibus Answering Brief to (i) Defendant's Motion to Substitute Parties filed on November 12 and December 1, 2014; (ii) Defendant's Motion for Transfer of Jurisdiction filed on December 1, 2014; (iii) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction filed on December 5, 2014; (iv) Defendant's Motion for Summary Judgment to Dismiss Plaintiff's First Amended Complaint with Prejudice filed on December 10, 2014; and (v) Defendant's Motion for Enlargement of Time filed on November 12 and December 10, 2014 ("Omnibus Response"). The Omnibus Response argues that the Court should not consider any arguments on behalf of Pi-Net as Pi-Net cannot be represented by a shareholder who is not a licensed lawyer acting on behalf of the corporation. The Omnibus Response then contends that jurisdiction and venue is proper here. The Omnibus Response

---

[1] The Court has ruled that Dr. Arunachalam cannot be "substituted" for Pi-Net in this action. *See* Order Denying Defendant's and the Real Party in Interest, Dr. Lakshmi Arunachalam's Motion to Substitute Parties under Rules 25(c), 17(a) and 17(b) of the Federal Rules of Civil Procedure entered on June 30, 2016 (the "Substitution Order"). The Substitution Order also provides that Pi-Net, as a corporation, cannot proceed *pro se* in this action. *See* Substitution Order at ¶ 9. The Court will address arguments advanced by Dr. Arunachalam as to whether Pi-Net is subject to the jurisdiction of the Court in this opinion; however, the Court – by doing this – is not reversing its ruling set out in the Substitution Order. Going forward, the Court will not accept pleadings filed by Pi-Net (or arguments advanced on behalf of Pi-Net) unless such pleadings are filed by a licensed attorney admitted to practice before the Court. *See id.*

claims that, under the facts present here, the Court can exercise either specific or general personal jurisdiction over Pi-Net or Dr. Arunachalam. The Omnibus Response next argues that venue is appropriate in this Court as 28 U.S.C. § 1400(b) is not implicated. The Omnibus Response does not appear to address the failure to state a claim for libel or the subject matter jurisdiction arguments raised in the Motion to Dismiss.

After reviewing the Motion to Dismiss, the Omnibus Response, documents submitted in support of the Motion to Dismiss and the Omnibus Response, the arguments advanced in the Motion to Dismiss and the Omnibus Response, the Complaint, and the entire record of this case, the Court has determined that a hearing is not necessary for the Court to rule on the relief requested in the Motion to Dismiss. For the reasons set forth below, the Court **DENIES** the Motion to Dismiss.

## DISCUSSION

**1.      THE COURT HAS PERSONAL JURISDICTION OVER BOTH DR. ARUNACHALAM AND PI-NET**

To determine whether it has personal jurisdiction over a nonresident defendant, the Court must: (1) assess whether the Delaware long-arm statute applies; and, if so, (2) determine whether application of the statute comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.[2] Pazuniak Law bears the burden of establishing personal jurisdiction over both Pi-Net and Dr. Arunachalam.[3] Where there is conflicting evidence, the Court must construe such evidentiary conflicts in Pazuniak Law's favor.[4]

Delaware's long-arm statute, 10 *Del. C.* § 3104, sets forth in subsection (c) that a nonresident establishes legal presence within the State of Delaware when the nonresident:

---

[2] *In Re Chambers Development Co., Inc. Shareholders Litigation*, 1991 WL 179335; 19 Del. J. Corp. L. 242, 252 (Del. Ch. May 20, 1993).
[3] *See Hornberger Mgmt. Co. v. Haws & Tingle Gen. Contractors, Inc.*, 768 A.2d 983, 986 (Del. Super. 2000).
[4] *In Re Chambers Development Co., Inc. Shareholders Litigation*, 19 Del. J. Corp. L. at 252.

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; *or*

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[5]

Subsection (c)(4) pertains to general jurisdiction in cases where the cause of action is unrelated to the relevant Delaware contacts.[6] To exercise jurisdiction under 10 *Del. C.* § 3104(c)(4), the Court must find that a defendant has "current contacts with Delaware" and that those contacts "'are so extensive and continuing that it is fair and consistent with state policy to require that [they] appear here and defend a claim even when that claim arose outside of this state and causes injury outside of this state.'"[7]

For the Court's application of the long-arm statute asserting general jurisdiction to comport with due process, a defendant's activities within the State must be "continuous and systematic."[8] Contacts are typically sufficient to comport with due process if:

(a) the defendant regularly advertises his products or services in the state or (b) carries on some other continuous course of activity there or (c) derives substantial revenue from goods used or consumed or from services rendered in the state. It is not necessary that this activity amount to the doing of business.[9]

---

[5] *Id.*
[6] *Id.*
[7] *Reid v. Siniscalchi, L.L.C.*, 2874-VCN, 2011 WL 378795, at *10 (Del. Ch. Jan. 31, 2011) (citations omitted).
[8] *In Re Chambers Development Co.,* 19 Del. J. Corp. L. at 253 (citing *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977)).
[9] *Id.* at 252.

Additionally, to satisfy due process when the Court applies the long-arm statute, a defendant "should reasonably anticipate being hailed into" this Court.[10]

The facts relevant to personal jurisdiction in this action do not appear to be contested. Dr. Arunachalam is not a resident of Delaware. Pi-Net is a California corporation with its principal place of business in Menlo Park, California. Moreover, Pazuniak Law does not attempt to controvert the facts listed by Dr. Arunachalam in the first two pages of the Motion to Dismiss as to why Dr. Arunachalam and Pi-Net are not present in Delaware – *e.g.*, no employees, real property, personal property or sales activity in Delaware. Pazuniak Law, however, does provide fact that support the conclusion that Pi-Net and Dr. Arunachalam have purposefully availed themselves to Delaware courts – specifically as plaintiffs in the United States District Court for the District of Delaware (the "Delaware District Court") – in order to prosecute certain patent rights. Moreover, the Complaint alleges that Pazuniak Law, Pi-Net, WebXchange, Inc. and Dr. Arunachalam entered into an agreement (the "Retainer Agreement") under which Pazuniak Law would provide legal services to Pi-Net and other related entities in the Delaware District Court. The Complaint also alleges that funds subject to Count I are in an IOLTA account located in Delaware.

The Court does not need to spend too much time on the issue of personal jurisdiction. First, the Court finds that the Delaware long-arm statute applies. Delaware's long-arm statute provides for specific and general jurisdiction over Pi-Net and Dr. Arunachalam here.[11] The Complaint asserts causes of action where Pazuniak Law and Pi-Net and Dr. Arunachalam: (i) transacted business and contracted for services in Delaware; (ii) caused tortious injury in Delaware from acts purportedly committed in Delaware; or (iii) caused tortious injury in

---

[10] *Pandora Jewelry, Inc. v. Stephen's Jewelers, LLC*, CPU4-10005767, 2012 WL 2371043, at *3 (Del. Com. Pl. June 22, 2012).
[11] 10 *Del. C.* § 3104(c)(1), (c)(2), (c)(3) and (c)(4).

Delaware from acts purportedly committed outside of Delaware. Count I seeks relief relating to a contract, the Retainer Agreement, with Pazuniak Law to provide services in Delaware. Moreover, Count I asks this Court for a declaration on how to distribute proceeds from an IOLTA account located in Delaware. Counts II, III and IV all relate to purported actions by Pi-Net and Dr. Arunachalam that have allegedly caused harm to the reputation and business relationships of Pazuniak Law Office LLC (a Delaware law firm) and Mr. Pazuniak (an attorney practicing in Delaware). While some of the purported libelous statements made by Pi-Net and Dr. Arunachalam were made outside Delaware, all relate to Pazuniak Law's representation of Dr. Arunachalam and Pi-Net in the Delaware District Court.

Second, the Court finds that application of the Delaware's long-arm statute here comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Dr. Arunachalam and Pi-Net may not conduct business in Delaware, but Pi-Net and Dr. Arunachalam have carried on a continuous and systematic course of activity in Delaware. The allegations of the Complaint all relate to the numerous actions taken by Pi-Net and Dr. Arunachalam in Delaware and in the Delaware District Court. Due to these activities, Pi-Net and Dr. Arunachalam should have reasonably anticipated being hailed into a Delaware court on issues relating to the Retainer Agreement, funds held in an IOLTA account present in Delaware, and Pazuniak Law's representation of them in the Delaware District Court.[12]

2.     THE COURT IS THE PROPER VENUE FOR THIS CIVIL ACTION

Superior Court Civil Rule 12(b)(3) governs a motion to dismiss for improper venue. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed

---

[12] The Court would note that the California District Court also felt that Delaware is the proper location for claims arising out Pazuniak Law's representation as that court transferred litigation filed by Dr. Arunachalam against Pazuniak Law to the Delaware District Court. See *Arunachalam v. Pazuniak*, Case No. 14-CV-05051-JST, 2015 WL 1249877 (N.D. Cal. March 17, 2015).

issues of material facts or decide the merits of the case.[13]  In reviewing a motion to dismiss, the Court must assume as true all the facts plead in the complaint and view those facts and all reasonable inferences drawn from them in the light most favorable to the plaintiff.[14]  However, the Court "is not shackled to the plaintiff's complaint and is permitted to consider extrinsic evidence from the outset."[15]  The Court can "grant a dismissal motion before the commencement of discovery on the basis of affidavits and documentary evidence if the plaintiff cannot make out a *prima facie* case in support of its position."[16]

Dr. Arunachalam contends that the Court is not the proper venue for this civil action under 28 *U.S.C.* § 1400(b).  Section 1400(b) applies in patent infringement actions, providing that such actions can only go forward in the "judicial district where the defendant resides, or where the defendant has committed acts of [patent] infringement and has a regular and established place of business."[17]  The Court holds that Section 1400(b) does not apply.  This civil action involves state law contract and tort claims, and not patent infringement claims.  The facts may have arisen in, or somehow relate to, patent infringement litigation, but Pazuniak Law does not assert any patent infringement claims.

The Court finds that New Castle County and this Court are the proper venue for this civil action.  Pazuniak Law, as the plaintiffs, chose to file the Complaint in state court in New Castle County.  The Complaint only asserts state law legal claims.  The Court is the general jurisdiction trial court of law.  Moreover, most, if not all, of the relevant facts alleged in the Complaint

---

[13] *Belfint, Lyons, and Shuman v. Potts Welding & Boiler Repair, Co., Inc.*, 2006 WL 2788188 at *2 (Del. Super. Aug. 28, 2006).
[14] *Anglo American Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148-9 (Del. Ch. 2003).
[15] *Halpern Eye Assocs., P.A. v. E.A. Crowell & Assocs., Inc.*, 2007 WL 3231617 (Del. Com. Pl. Sept. 18, 2007) (citation and internal quotations omitted).
[16] *Simon v. Navellier Series Fund*, 2000 WL 1597890 at *4 (Del. Ch. Oct.19, 2000)
[17] 28 *U.S.C.* §1400(b).

occurred in New Castle County. Under such circumstances, the Court will not dismiss this civil action for improper venue under Superior Court Civil Rule 12(b)(3).

### 3. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT

Superior Court Civil Rule 12(b)(1) controls on a motion to dismiss for lack of subject matter jurisdiction. The Court will grant a dismissal "pursuant to Superior Court Civil Rule 12(b)(1) when it lacks jurisdiction over the subject matter" of the complaint.[18] This Court's jurisdiction lies in matters of law,[19] while the Court of Chancery's jurisdiction lies in matters of equity.[20]

Dr. Arunachalam contends the Court lacks subject matter jurisdiction because this civil action involves "a federal question related to patent claim construction and [Pazuniak Law's] legal malpractice and fraud in a patent case." As discussed above, this civil action does not involve questions relating to patent rights or patent infringement. Instead, this civil action asserts a declaratory judgment cause of action relating to the Retainer Agreement (Count I), two state law libel causes of action (Counts II and III), and a state law tortious interference with prospective business opportunities (Count IV). The four causes of action arise out of the patent litigation in the Delaware District Court but the claims do not require that the Court apply federal law. The Complaint asserts four state law causes of action that seek legal remedies unrelated to any "federal question" on patents. Accordingly, the Court has subject matter jurisdiction.

---

[18] *Reybold Venture Group XI–A, LLC v. Atlantic Meridian Crossing, LLC*, 2009 WL 143107, at *2 (Del. Super. 2009) (quoting *Smith v. Dep't of Pub. Safety of the State of Del.*, 1999 WL 1225250, at *5 (Del. Super.), *aff'd*, 765 A.2d 953 (Del. 2000) (TABLE)).
[19] *Reybold Venture Group XI–A, LLC,* 2009 WL 143107, at *2. *See also* Del. Const. Art. IV, § 7; 10 *Del. C.* § 541
[20] *Id. See also* 10 *Del. C.* §§ 341, 342.

**4.**     **THE COURT WILL NOT, AT THIS STAGE OF THE PROCEEDINGS, DISMISS COUNTS II AND III FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Although not clearly articulated, the Motion to Dismiss asks this Court to dismiss Counts II and III for failing to properly plead causes of action for libel under Superior Court Civil Rule 12(b)(6). Dr. Arunachalam contends that dismissal of Counts II and III is proper because the Complaint fails to allege (i) publication of the libelous statement and (ii) facts showing the libelous statement were made with actual malice.

Upon a motion to dismiss, the Court (i) accepts all well-plead factual allegations as true, (ii) accepts even vague allegations as well-plead if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) will only dismiss a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[21] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[22]

In considering a motion to dismiss under Civil Rule 12(b)(6), the Court generally may not consider matters outside the complaint.[23] However, documents that are integral to or incorporated by reference in the complaint may be considered.[24] "If . . . matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[25] The Motion to Dismiss does not rely on matters outside of the Complaint.

---

[21] *Cent. Mortg. Co.*, 27 A.3d at 536; *Cedars Acad., LLC*, 2010 WL 5825343, at *3.
[22] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[23] Super. Ct. Civ. R. 12(b).
[24] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995).
[25] Super. Ct. Civ. R. 12(b).

Libel itself consists of a false and defamatory statement of fact concerning the plaintiff made in an unprivileged publication to a third party.[26] But a statement is not defamatory unless it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."[27] Moreover, a statement of fact is not libelous if it is "substantially true."[28] That is, no libel has occurred where the statement is no more damaging to plaintiff's reputation in the mind of the average reader than a truthful statement would have been.[29] Immaterial errors do not render a statement defamatory so long as the "gist" or "sting" of the statement is true.[30]

The Court has reviewed the allegations made in the Complaint. The Complaint is "bare boned" but it does make allegations as to written publications made by Pi-Net or Dr. Arunachalam regarding Pazuniak Law to third parties that were knowingly false and libelous. [31] The Complaint also alleges injury.[32] As such, the Court will not dismiss Counts II and III at this time.

The Court would like to note, however, that Counts II and III are not supported by many factual allegations. In other words, Pazuniak Law takes full advantage of notice pleading with respect to Counts II and III (and, even, Count IV). Therefore, Counts II and III – unless developed through discovery – could be disposed of by the Court before any trial on the merits. Moreover, Counts II and III may be subject to affirmative defenses. One such defense is the

---

[26] *Ramunno*, 705 A.2d at 1034. Under Delaware law, defamation is characterized as either slander (oral) or libel (written). A plaintiff must plead five elements in a defamation action: (1) the defamatory character of the communication; (2) publication;( 3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. *See Read v. Carpenter*, 1995 WL 945544 at *2 (Del. Super. June 8, 1995).

[27] *Spence v. Funk,* 396 A.2d 967, 969 (Del. 1978)(*citing* Restatement (Second) of Torts § 559 (1977)).

[28] *Gannett Co. v. Re*, 496 A.2d 553, 557 (Del. 1985).

[29] *Riley v. Moyed*, 529 A.2d 248, 253 (Del. 1987).

[30] *Gannett Co.*, 496 A.2d at 557

[31] Complaint at ¶¶ 10, 11, 13, 14, 16, 17, 18, 29, 30, 37, and 38.

[32] Complaint at ¶¶ 31 and 40

absolute privilege, a long recognized common law rule in Delaware, "that protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to a matter at issue in the case."[33]  The Court raises these points because the Motion to Dismiss and the Omnibus Response do not seem to properly join or address the multitude of issues that arise in pleading libel causes of action.

## CONCLUSION

For the reasons set forth herein, the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction, Improper Venue and Lack of Subject Matter Jurisdiction, or, in the Alternative to Transfer Venue to the United States District Court for the Northern District of California is **DENIED**.

Dated: July 7, 2016
Wilmington, Delaware


/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[33] *Read* at 1995 WL 945544 at *3.

12